UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:
    JOHN S. HILSMAN, ) Chapter 7
)
) Case No. 05-41675
Debtor. )
_____ ) _____

SUPERIOR BANK f/k/a THE BANK, )
)
    Plaintiff/Counterclaim Defendant, )
)
vs. ) A.P. No. 06-40071
)
JOHN S. HILSMAN, )
)
    Defendant/Counter-Claimant. )

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on September 11, 2006 for a final hearing on the Trustee's Motion for Remand, or in the Alternative, Motion to Abstain and Remand to State Court (hereinafter "Motion to Remand"), Superior Bank's Opposition to the Motion to Remand, and the Trustee's Response to Superior Bank's Opposition. Appearing at the hearing were C. Peter Bolvig, attorney for the chapter 7 trustee, Rocco J. Leo; Walter F. McCardle, attorney for Superior Bank, f/k/a The Bank; and Jenny Pickett, attorney for Superior Bank in the state court litigation. This Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 151, and 157(a) (1994)[1] and the district

---

[1] 28 U.S.C. §1334(b) provides:
Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §151 provides:

court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This Motion to Remand is a core proceeding arising under title 11 of the United States Code as defined in 28 U.S.C. §157(b)(1) and (2)(A).[3] *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1011 n.4 (Bankr. N.D.Ala. 1996) ("[W]hile a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters."). In deciding whether to remand Superior Bank's action to the Circuit Court of Marshall County, Alabama, this Court has considered the pleadings, briefs, and the law. Accordingly, this Court finds and concludes as follows.[4]

---

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or by order of the district court.
> 28 U.S.C. §157(a) provides:
> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district.

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(A) provides:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

# I. FINDINGS OF FACT[5]

On March 3, 2004, Superior Bank (hereinafter "Plaintiff" or "the Bank") filed a complaint (hereinafter the "Complaint") in the Circuit Court of Marshall County, Alabama for breach of contract on certain loans against John S. Hilsman (hereinafter "Hilsman" or "Debtor") and John S. Hilsman Services, Inc. Debtor filed a counterclaim (hereinafter the "Counterclaim") against the Bank on May 3, 2004, alleging breach of state and federal privacy laws, defamation and civil conspiracy. Hilsman filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama on May 11, 2005.[6] On Schedule B of the bankruptcy schedules, the Debtor listed the Counterclaim as an asset. (Proceeding No. 33) The Bank filed a Motion for Relief from Stay to pursue a foreclosure of its lien on Debtor's real property, and this was granted on October 4, 2005. On December 15, 2005, an Order of Discharge of Debtor was entered in his chapter 7 case. (Proceeding No. 98) Another Motion for Relief from Stay was filed by the Bank on February 27, 2006, seeking to assert its right of set-off against the Counterclaim that was pending in state court. This relief was granted on April 11, 2006. The Bank filed its Notice of Removal of the state court Complaint and Counterclaim on May 5, 2006 pursuant to 28

---

[5] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] The chapter 7 case was filed and is pending in the Eastern division of this Court and is assigned to Judge James J. Robinson. This Adversary Proceeding was also originally assigned to Judge Robinson. Judge Robinson recused himself from this proceeding on May 9, 2006. The proceeding was then reassigned by the clerk's office to Judge Tamara O. Mitchell on May 9, 2006.

U.S.C.§1452(a)[7] and Rule 9027 of the Federal Rules of Bankruptcy Procedure. The Bank seeks to have this Court hear and determine the Complaint, Counterclaim and the Bank's right to set-off, should the Trustee recover on the Counterclaim. The attorney for the Trustee delivered to the clerk's office on May 26, 2006, a floppy diskette containing his Motion to Remand under §1452(b).[8] However, the Trustee's Motion to Remand was initially unsigned, and after two more attempts, the motion was entered correctly signed on June 8, 2006. Immediately prior to the hearing on these motions, a courtesy copy of the Bank's Motion for Summary Judgment was delivered to this Court, but not filed in CM/ECF.[9] In his pleadings, the Trustee contends that the Bank's Notice of Removal was filed untimely. Similarly, the Bank contends that the Trustee failed to file his Motion for Remand in a timely manner. There also exists a dispute over whether or not the Trustee properly demanded a jury trial in state court.

## II. CONCLUSIONS OF LAW

---

[7] 28 U.S.C. §1452 (a) provides:
(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police power or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[8] 28 U.S.C. §1452(b) provides:
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 or this title.

[9] As of the entry date of this Memorandum Opinion and Order, the Bank's Motion for Summary Judgment has not been filed in CM/ECF, and thus no action is taken on the motion at this time.

### A. Timeliness of the Notice of Removal and Motion to Remand

The Trustee contends that the Bank's Notice of Removal filed on May 5, 2006 was untimely. Rule 9027(a)(2)(B) of the Federal Rules of Bankruptcy Procedure requires that a notice of removal must be filed within 30 days "after entry of an order terminating a stay..." The Trustee contends the filing was untimely because it should have been filed a) within 30 days of the initial relief from stay which was granted on October 4, 2005, or b) within 30 days from the discharge entered December 15, 2005, which the Trustee argues, terminated the stay. The Bank contends that it timely filed its removal within 30 days after the second relief from stay granted on April 11, 2006. The stay remains in effect as to estate property until it ceases to be property of the estate. 11 U.S.C. § 362(c)(1). Subsection (2) of that section goes on to provide where the stay otherwise ends. 11 U.S.C. § 362(c)(2). In this case, the Trustee is pursuing the Counterclaim, he has not abandoned it and that asset continues to be property of the estate. Until the case is closed, property of the estate, including this Counterclaim which arose prior to filing the Petition, remains subject to the automatic stay.[10] Thus, until the second order granting relief was entered, the time for filing a notice of removal did not start to run. By filing the removal within 30 days of the order on the second relief from stay, it was timely filed.

The Bank further contends that the Trustee did not timely file his Motion for Remand. The Attorney for the Trustee filed the Motion for Remand on May 26, 2006 via hand delivery, 10 days before the time for filing expired. (Proceeding No. 6) Simultaneously, according to the certificate of service, a copy was also delivered to the Bank. The Motion delivered to the Court on a diskette

---

[10] *See In re Pullman*, 319 B.R. 443 (Bankr. E.D. VA 2004) (The automatic stay remained in effect for property of the estate, such as an IRS tax lien filed subsequent to the discharge, until the case was closed).

5

lacked a proper signature and after two more attempts and some help from the Clerk's office, the signature was corrected and the Motion was properly filed in the ECF system on June 8, 2006. Federal Rule of Bankruptcy Procedure 5005(a)(1) provides in part that the clerk shall not refuse to accept pleadings or other petitions "for the purpose of filing" that are "not presented in proper form" according to "these rules or any local rules or practices."[11] The Court may, pursuant to Fed. R. Bankr. P. 5005(a)(1), accept and consider pleadings that clearly convey their substantial meaning and provide adequate notice to the parties, although the pleadings are not in conformity with the local rules. *In re Luther*, No. 05-73529, 2006 WL 2385004, at *3 (Bankr. N.D. Ala. Aug. 3, 2006).[12] Furthermore, Fed. R. Bankr. P. 9029(a)(2) provides that a local rule imposing certain form "shall not" be construed in a manner that "causes a party to lose rights because of a nonwillful failure to comply...."[13] Additionally, the Court may use its discretion to deem timely filed a motion to remand that was not initially properly filed by the filing deadline. *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 76 (2nd Cir. 2005). The only defect with the motion was the lack of an "electronic" signature. This Court, pursuant to the Federal Rules of Bankruptcy Procedure and

---

[11]Fed. R. Bankr. P. 5005(a) provides in part:
(1) Place of Filing: The lists, schedules.....motions...and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, shall be filed with the clerk in the district where the case under the Code is pending.....The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices.

[12]This case held that because counsel failed to make any attempt to file a proof of claim electronically, Rule 5001(a)(1) did not apply.

[13]Fed. R. Bankr. P. 9029(a) provides in part:
(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

6

its discretionary authority finds that the Trustee's Motion to Remand was timely filed in this proceeding.

### B. Jurisdiction of the Removed Action

BLACK'S LAW DICTIONARY defines jurisdiction as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed. 1990) (citation omitted). This Court has previously found that jurisdiction "is the authority of a court to adjudicate the legal dispute before it." *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's)*, 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998).

Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§1334, 151, and 157.[14] Thus, determining that the action falls within the ambit of either §§1334(a) or (b) is the first step in establishing jurisdiction.

Federal district courts have original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. §1334(a).[15] Additionally, federal district courts have original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28

---

[14] *See Burlingame v. Whilden (In re Whilden)*, 67 B.R. 40, 41-42 (Bankr. M.D. Fla. 1986); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718-719 (Bankr. D. Conn. 1986); Lawrence P. King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, 38 VAND. L. REV. 675 (1985).

[15] 28 U.S.C. §1334(a) provides:
Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

U.S.C. §1334(b).[16] Thus, as noted in *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987):

> Section 1334 lists four types of matters over which the district court has jurisdiction:
>
> 1. "cases under title 11",
> 2. "proceedings arising under title 11"
> 3. proceedings "arising in " a case under title 11, and
> 4. proceedings "related to" a case under title 11.

*Id.* at 92.

The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction. *Id.* Proceedings "arising under title 11" are those that involve a cause of action created or determined by a statutory provision of title 11. *Id.* at 96. The phrase "proceedings arising in" a case under title 11 seems to be a reference to those "administrative" matters that arise only in bankruptcy cases and would have no existence outside of bankruptcy. *Id.* at 97. "Related to" proceedings are those proceedings not falling into any of the other three categories but the outcome of which "could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). It is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as these references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy.[17]

---

[16] *See supra* note 1.

[17] As the Eleventh Circuit has noted, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting Scott Fruehwald, *The Related to Subject Matter Jurisdiction of Bankruptcy Courts*, 44 DRAKE L. REV. 1, 7 (1995)).

In *Miller v. Kemira, Inc. (In re Lemco Gympsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the standard for "related to" jurisdiction as set out in *Pacor*:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Lemco Gympsum,* 910 F.2d at 788 (quoting *Pacor*, 743 F.2d at 994). *See also Munford v. Munford (In re Munford)*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Thus, under the Eleventh Circuit's broad interpretation of "related to jurisdiction", a counterclaim in a civil proceeding by a trustee to recover damages could "conceivably have an effect on the estate being administered in bankruptcy." If successful, Debtor's bankruptcy estate could stand to benefit from the proceeds of the suit. Therefore, this Court finds that the state court action is sufficiently "related to" the bankruptcy case so as to fall within §1334. That determination having been made, the Court must now consider whether it is proper to exercise the jurisdiction which exists over the removed case.

### C. Exercise of Jurisdiction

In determining whether it is appropriate to exercise subject matter jurisdiction, the Court must consider one of two doctrines that would cause the Court to decline to exercise the jurisdiction it holds: remand and abstention.

**1. Remand**

Removed cases are transferred back to the state courts via remand. 28 U.S.C. §1452(b). Remand may be for "any equitable reason." *Id*. These equitable reasons may include those factors listed in §1334(c)(2) for mandatory abstention. *In re Warren*, 125 B.R. 128 (E.D. Pa. 1991); *Cook*

9

Case 06-40071-TOM    Doc 25    Filed 10/02/06    Entered 10/02/06 15:24:41    Desc Main
Document      Page 9 of 13

*v. Griffin*, 102 B.R. 875 (N.D. Ga. 1989). The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations, and the lessened possibility of inconsistent results. *See Glover v. Midland Mortgage Co. of Oklahoma*, 228 B.R. 293, 313 (N.D. Ala. 1998); *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1001 (N.D. Ala. 1986); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005); *Twyman v. Wedlo*, 204 B.R. 1006, 1019 (Bankr. N.D. Ala. 1996); *In re Royal*, 197 B.R. 341, 349 (Bankr. N.D. Ala. 1996). The three mandatory abstention requirements which may also be considered are: 1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the proceeding could not have been commenced in federal court but for the bankruptcy, and 3) the state court can timely adjudicate the cause of action. 28 U.S.C. §1334(c)(2).

Application of these factors to the case at hand weighs in favor of remanding this case to state court. The Bank contends that this Court is a more convenient forum for the parties, because the attorneys and the Bank are situated in Birmingham. However, but for Debtor's bankruptcy case, the Bank could not be seeking its forum in federal court, and the slight convenience of location is not enough to justify this Court's retaining the state court case. The Bank's Complaint is based solely upon Alabama contract law. The Counterclaim is based upon common law tort theories regarding defamation and civil conspiracy and a potential combination of state and federal privacy law violations, although it could very well be that only state privacy laws are implicated. The state court is the appropriate forum for the Complaint and the Counterclaim. That court is used to hearing these various causes of actions and the parties would be better served by allowing the state court to decide familiar state law issues. No testimony or evidence was submitted to show that the parties could not

timely adjudicate the matter in state court.

In addition, there exists a dispute over whether or not a jury trial was properly demanded by the attorney for the Trustee. The Bank maintains that no jury trial has been requested, whereas the attorney for the Trustee maintains that he did request one. This Court could hear a jury trial, but only if all parties consented.[18] There could be prejudice to the Trustee if indeed he requested a jury trial and the case is not allowed to proceed in the original state court forum. As Judge Cohen has noted, "'Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.'" *Twyman v. Wedlo, Inc.*, 204 B.R. at 1020 (quoting *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991)). Also, if there is a jury demand, the state court is more accustomed to conducting such trials. The state court judge is more familiar with what occurred in the litigation before the bankruptcy and the agreements between the parties, which is further support for remand of this case.

Additionally, this Court finds that judicial economy is best served by allowing the state court to hear the Complaint and Counterclaim. The Bank has already been granted relief from stay to foreclose its lien on Debtor's real property. Only if the Trustee prevails on behalf of the estate's Counterclaim would there potentially be anything for this Court to decide regarding the Bank's right to set-off. Should this set-off issue ripen, this Court does not foresee a duplicate trial on the Complaint and Counterclaim. Rather, anything left for this Court to consider should be de minimis once the state court rules on the Complaint and Counterclaim.

Comity considerations also lean toward remand. The state court is familiar with all the

---

[18] 28 U.S.C. § 157(e) provides:
If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

11

Case 06-40071-TOM   Doc 25   Filed 10/02/06   Entered 10/02/06 15:24:41   Desc Main
Document      Page 11 of 13

discovery that has proceeded and is best prepared to deal with the issues and causes of action at hand which are almost exclusively based on state law. Therefore, based upon these conclusions, this Court finds that remand to the Circuit Court of Marshall County would be appropriate. *See Royal*, 197 B.R. at 350.

### 2. Abstention

The Trustee's motion asked this Court to remand this case to the state court or to, alternatively, abstain from hearing the case and remand it to state court. Because this Court has found that remand is proper in this instance, it is unnecessary for it to enter the debate over the parameters of 28 U.S.C. § 1334(c) and the doctrine of abstention. Therefore, the Court will not discuss or rule on the alternative relief requested by the Trustee.

### III. CONCLUSION

Based on these findings and conclusions, the circumstances of this proceeding indicate that this Court should grant Debtor's motion to remand. Therefore, this action is due to be remanded to the Circuit Court of Marshall County. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion to Remand Cause of Action is **GRANTED**. The Clerk's office is directed to remand this action to the Circuit Court of Marshall County, Alabama, after the time for appeal has expired.

Dated this the 2nd day of October, 2006.

                                           **/s/ Tamara O. Mitchell**
                                           TAMARA O. MITCHELL
                                           United States Bankruptcy Judge

TOM:ejb

xc:    C. Peter Bolvig, Attorney for Chapter 7 Trustee
        Rocco J. Leo, Chapter 7 Trustee

Harry P. Long, Attorney for Debtor
Walter F. McCardle, Attorney for Superior Bank